IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GARCIA ROBLEDO,<br><br><br><br>        Petitioner,<br><br>    vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>        Respondent.<br>_____ | No. CV-F-09-1165 OWW<br>(No. CR-F-08-189 OWW)<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 AND<br>DIRECTING CLERK OF COURT TO<br>ENTER JUDGMENT FOR<br>RESPONDENT |

On July 2, 2009, Petitioner Rafael Garcia Robledo, proceeding *in pro per,* timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner contends that he was denied the effective assistance of counsel because of counsel's failure to move for a downward departure at sentencing based on Petitioner's ineligibility for participation in the BOP drug treatment program and prerelease custody due to Petitioner's status as a deportable alien.  Petitioner further contends that the disparate sentences

that result between alien prisoners and United States citizen prisoners as a consequence of an immigration detainer violates equal protection of the laws.

Petitioner was charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Petitioner pleaded guilty on March 16, 2009, pursuant to a written Plea Agreement.  Pursuant to the Plea Agreement, Petitioner agreed:

> (f) The defendant agrees not to move for a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement pursuant to U.S.S.G. § 5K3.1.  The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history category, or criminal history points as defined by the United States Sentencing Guidelines.  This also includes requesting that any portion of his sentence run concurrent to any criminal justice sentence that he may be serving or is currently serving.  Further, defendant shall not argue, by way of reference to factors under 18 U.S.C. § 3553, for a term of imprisonment of less than fifty-one (51) months.

> (g) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed.  Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.  If the defendant ever attempts

2

to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the following rights: (1) to prosecute defendant on any count to which he pleads guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts, including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

...

(i) If it is determined that the defendant has violated any provision of this agreement, or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government, the Court, or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether made before or after this agreement, shall be admissible as evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this agreement, or any leads derived therefrom, should be suppressed.  By signing this agreement, the defendant waives any and all rights in the foregoing respects ....

Pursuant to the Plea Agreement, the United States agreed:

3

(a) The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Guidelines Manual;

(b) The government will recommend that the defendant's offense level be adjusted downward an additional four (4) levels for agreeing to an 'early disposition' of this case, under U.S.S.G. § 5K3.1, without a trial and without filing any pretrial motions or any objections to the presentence report dated February 6, 2009, and if the defendant is sentenced the same day he pleads guilty; and

(c) The government will recommend that defendant be sentenced at the low end of the applicable U.S. Sentencing Guideline range. This will result in a term of imprisonment of fifty-one (51) months.

Petitioner was sentenced on March 16, 2009 to a term of 51 months.

Petitioner expressly waived his right to challenge his conviction or sentence pursuant to Section 2255.  A defendant may waive the statutory right to bring a Section 2255 motion challenging his conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied,* 508 U.S. 979 (1993).  The Ninth Circuit has ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."  *Washington v.*

4

*Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).  Here, Petitioner makes no claim that the his plea was involuntary or that counsel was ineffective in advising him to accept the waiver of the right to collaterally attack his conviction or sentence in the plea agreement.

Even if Petitioner had not waived his right to collaterally attack his sentence, Petitioner has not demonstrated that counsel was ineffective by failing to move for a downward departure based on Petitioner's status as a deportable alien.

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other.  *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  "A fair assessment of attorney performance requires that every effort be

made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689.  The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*  The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 690-691.  "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989).  A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*  "Virtually every act or omission of counsel would meet that test, and not every

error that conceivably could have influenced the outcome
undermines the reliability of the result of the proceeding." *Id.*
"The defendant must show that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability
is a probability sufficient to undermine confidence in the
outcome.  *Id.* at 694.

Here, counsel would have violated the express terms of the
Plea Agreement if he had argued for the downward departure,
thereby exposing Petitioner to serious consequences resulting
from such a breach.  Petitioner was sentenced to the 51-month
term agreed to by the Plea Agreement; Petitioner obtained the
benefit of the plea bargain.

Petitioner's contention that the disparate sentences that
result between alien and American inmates as a consequence of
immigration detainers lodged automatically in an alien's Bureau
of Prisons (BOP) file constitutes a violation of equal protection
is categorically without merit.  *McLean v. Crabtree*, 173 F.3d
1176, 1185-1186 (9th Cir. 1999), *cert. denied*, 528 U.S. 1086
(2000).

For the reasons stated:

1.  Petitioner Rafael Garcia Robledo's motion to vacate, set
aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2.  The Clerk of the Court is directed to enter JUDGMENT FOR
RESPONDENT.

///

IT IS SO ORDERED.

**Dated:** __**July 9, 2009**__          _____**/s/ Oliver W. Wanger**_____
                                         UNITED STATES DISTRICT JUDGE